UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. ANTHONY,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

No. 2:21-cv-10778- VAR-KGA

Hon. Victoria A. Roberts
U.S. District Judge

Hon. Judge Elizabeth A
U.S. Magistrate Judge

**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTION [EFC No. 25]; (2) ADOPTING REPORT AND RECOMMENDATION [EFC No. 24]; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO 17]; AND (4) GRANTING DFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 20]**

**I.  Introduction**

Magistrate Judge Kimberly Altman issued a Report and Recommendation ("R&R") recommending that the Court grant the Commissioner of Social Security's ("Commissioner") Motion for Summary Judgment and deny Plaintiff Mark Anthony's ("Anthony") Motion for Summary Judgment. Anthony timely objects to Judge Altman's recommendation.

For the reasons stated below, this Court **OVERRULES** Anthony's objection, **DENIES** his request for remand, and **ADOPTS** Magistrate Judge Altman's

1

recommendation, **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment

II. **Background**

　A. Listing 12.11

As discussed below, the central issue here is the interpretation of, and the weight afforded to, the medical evidence concerning Anthony's mental health and Listing 12.11. The Court finds it appropriate to briefly discuss the Listing as it relates to this case.

Social Security Administration regulations list impairments that are of sufficient severity to render a claimant disabled. 20 C.F.R. Part 404, Subpart P, Appendix 1. Listing 12.11 sets out the criteria a claimant's mental health impairment must meet to qualify as a disability. (ECF No. 12, PageID.434). To satisfy the Listing 12.11 criteria, the alleged mental health impairment must result in one extreme or two marked limitations in a broad range of functioning. *Id*. It is the claimant's burden to bring forth evidence to establish that her impairments meet or are medically equivalent to a listed impairment. *See* 20 C.F.R. §§ 416.920(a)(4)(iii) & 404.1520(a)(4)(iii); *Evans v. Sec'y of Health & Human Servs*., 820 F.2d 161, 164 (6th Cir. 1987).

The record contains the evaluations and findings of six medical professionals who offer relevant evidence regarding Anthony's functioning, his mental health, and the Listing. Magistrate Judge Altman accurately summarizes the relevant findings of each medical professional. (ECF No. 24, PageID.4-16).

### B. First Administrative Hearing and Judicial Review

Anthony first applied for supplemental security income ("SSI") on March 23, 2015, alleging disability due to brain damage, a learning disability, and pain in his back, left shoulder, and abdomen. (ECF No. 12, PageID.512). He was 46 years old on his alleged onset date of January 1, 2013. *Id.* Anthony had experience working as a painter before applying for SSI but had not engaged in substantial work since the application date. (*Id.*, Page ID.475). The Commissioner denied Anthony's SSI application on August 20, 2015. *Id.*

After the Commissioner denied Anthony's initial application, he requested an administrative hearing. That hearing was held on March 16, 2017. After evaluating testimony offered at the hearing and evidence in the record, Administrative Law Judge ("ALJ") Lauren Burstein found that Anthony's physical or mental impairments did not satisfy the criteria for a disability. (*Id.*, PageID.523). Accordingly, the ALJ determined Anthony was not disabled and did not qualify for SSI. *Id.* Anthony appealed the ALJ's decision. The Appeals Council denied review,

and the ALJ's decision became final. *Id.* Anthony then filed for judicial review of the ALJ's decision (ECF No. 1).

Anthony alleged that the ALJ did not give proper weight to medical opinion evidence and should have taken testimony from a medical expert ("ME") before reaching a decision. (ECF No. 12, PageID.527). In particular, Anthony claimed that his mental impairments satisfied Listing 12.11. *Id.* The Commissioner argued that the ALJ fully and properly considered the evidence and that Anthony's mental impairments did not satisfy Listing 12.11. (*Id.*, PageID.539).

Upon judicial review, Magistrate Judge Elizabeth Stafford issued an R&R recommending Anthony's case be remanded for further proceedings. Particularly to allow the ALJ to obtain an expert opinion on whether Anthony's mental health impairments satisfied the Listing 12.11 criteria. (*Id.*, Page.ID435). The Commissioner filed a timely objection. The district court reviewed and adopted the R&R. (*Id.*, PageID.512-532). The Court remanded the case and directed ALJ Burstein to obtain testimony from a ME, reconsider medical opinion evidence and then determine whether Anthony's mental impairments met or equaled a disability under the Listing 12.11. (ECF No. 12, PageID.518-520); *Anthony v. Comm'r of Soc. Sec.*, CV 18-11717, 2019 WL 3941258 (E.D. Mich. June 18, 2019).

**C. Second Administrative Hearing and Judicial Review**

4

On June 30, 2020, the ALJ held another hearing. During this hearing, Anthony, a vocational expert ("VE"), and ME Dr. Amy Hamilton, PhD ("ME Hamilton") testified. ME Hamilton testified that Anthony had moderate or marked limitations in self-management, interacting with others, maintaining concentration, and other functional categories. (*Id.*, PageID.430). According to ME Hamilton's testimony, these limitations satisfied the Listing 12.11 criteria. *Id.*

After considering the ME's testimony as part of the entire record, the ALJ concluded that the ME's findings should be afforded little weight because they were inconsistent with other evidence. *Id.* ALJ Burstein gives lengthy explanations for her reasoning and how she weighed the ME's testimony. (*Id.*, PageID.434-452). The ALJ concluded that Anthony was not disabled, and his mental impairments did not satisfy the Listing 12.11 criteria. (*Id.*, Page.ID.454)

Anthony appealed this decision. The Appeals Council denied review, and the ALJ's decision became final. Anthony again filed for judicial review and moved for summary judgment. (ECF No. 17). The Commissioner moved for summary judgment. (ECF Nos. 17, 20).

Under judicial review, Magistrate Judge Altman found that the ALJ followed the district court's directive on remand. (ECF No. 24). Magistrate Judge Altman also found that the ALJ gave complete and proper consideration to the evidence and that

the ALJ supported her decision with substantial evidence. *Id*. Magistrate Judge Altman recommends the Court grant the Commissioner's motion and deny Anthony's. *Id.* Anthony filed objections.

### III. Standard of Review

A party's objection to a Magistrate Judge's R&R triggers a *de novo* review of those parts to which objection is made. 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b). This means that the Court must examine the relevant evidence and make its own determination as to whether the ALJ's decision is supported by substantial evidence. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

The standard for substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a "reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In determining whether the ALJs findings are supported by substantial evidence, this Court must consider the whole record. *Garner v. Heckler*, 754 F.2d 383, 388 (6th Cir. 1978). If the ALJ's decision is supported by substantial evidence, it must be affirmed. *Elkens v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

The ALJ's decision is not subject to reversal just because the district court would have reached a different conclusion sitting as the trier of fact. *Id*. Even if

substantial evidence in the record supports a different conclusion, the ALJ's decision is not subject to reversal. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001).

IV. **Analysis**

Anthony's single objection is that Magistrate Judge Altman erred in finding that the ALJ properly evaluated the medical opinion evidence. Anthony contends that the ALJ weighed the evidence improperly, and her decision is not supported by substantial evidence. (ECF No. 25, PageID.1). He further suggests that the ALJ did not follow the district court's directive on remand.

After conducting a *de novo* review of the cross motions for summary judgment, the R&R, Anthony's objection, the Commissioner's response, and the remainder of the record, this Court agrees with Magistrate Judge Altman's conclusions.

### A. The ALJ's decision is supported by substantial evidence.

An ALJ's decision stands so long as there is substantial evidence in the record to support it. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The threshold for substantial evidence is not trivial, but it is not a high bar. *Id.* Here, the ALJ's analysis demonstrates that her decision is supported by substantial evidence. The ALJ's analysis shows that she considered the whole record and explains why she afforded

7

certain weight to the varying medical opinions. (ECF No. 12, PageID.435-438, 440-444). Throughout her analysis, the ALJ gives detailed reasoning and explanations and points to the record for support. (*Id*, PageID.431-454).

When determining if Anthony's mental impairments satisfied Listing 12.11, the ALJ reconsidered the medical reports of six medical professionals: Dr. L. Imsa, M.D., Ron Kirauciunas, Ph.D., Darren Fuerst, Ph. D., Hugh Bray, Ph. D., Juana Gasso, PA-C, and Dr. Chapman. She also considered the findings of ME Hamilton, who opined that Anthony's mental impairments satisfied Listing 12.11, and he should be considered disabled.

The ALJ found ME Hamilton's findings unpersuasive because she did not examine or treat Anthony; ME Hamilton only reviewed his medical records. The ALJ also found ME Hamilton's findings inconsistent with the record. The ALJ notes that ME Hamilton found that Anthony had marked limitations in interacting with others. (EFC No. 12, PageID.440). However, treating sources consistently described Anthony as cooperative, pleasant, and displaying appropriate behavior. *Id.*

ME Hamilton also noted that Anthony had marked limitations in concentrating, persisting, or maintaining pace. (*Id.*, PageID.441) However, the ME's findings were inconsistent with the observations of treating medical professionals Drs. Imsa, Bray, and Fuerst who found that Anthony could function in these areas.

8

*Id.* These inconsistencies and others like them are why the ALJ afforded little weight to the ME's testimony.

The ALJ is not required to rule in favor of the claimant's interpretation when the record contains inconsistencies. Instead, the ALJ must explain how the inconsistencies or ambiguities were considered and resolved. S.S.R. 96–8p (S.S.A.), 1996 WL 374184, at *6–7. ALJ Burstein did just that, and in the end concluded that Anthony was not disabled.

The Court acknowledges that the record may also show substantial evidence to support a decision in Anthony's favor. (ECF No. 25, PageID.1420). However, evidence supporting a different outcome cannot be the basis for this Court to displace an ALJ's decision. "The Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Anthony ultimately asks the Court to reweigh the evidence. This Court declines to do so, and agrees with Magistrate Judge Altman's conclusion. The ALJ's decision is supported by substantial evidence. Accordingly, Anthony's objection is **OVERRULED**.

### B. ALJ followed the directive of the District Court.

Judge Lawson and Magistrate Judge Stafford opined that the ME's testimony and the entire record could lead to the conclusion that Anthony was disabled. (ECF No. 12, PageID.519, 520, 530-533). This possibility led to the remand. (ECF No. 12, PageID.520).

Anthony argues that if the ALJ followed the district court's directive, she would have reached the same conclusion and decided in his favor. (ECF Nos. 25, 26).

On remand, ALJs have the discretion to issue rulings how they see fit, so long as they follow the directive of the Appeals Council or district court on remand. *Lauth v. Comm'r of Soc. Sec.*, No. 18-CV-13912, 2019 WL 6701437 (E.D. Mich. Dec. 9, 2019). Anthony's argument fails because the district court did not direct the ALJ to issue a ruling in favor of Anthony after hearing ME opinion evidence. (ECF No. 12, PageID.520) Instead, Judge Lawson mandated the inclusion of the ME's opinion evidence because it could lead a reasonable mind to decide in Anthony's favor. *Id*.

Although the ALJ ultimately disagreed with the district court, she complied with the remand order by including the ME's testimony and considering it as part of the entire record before reaching her decision.

## V. Conclusion

Substantial evidence supports the ALJ's finding that the severity of Anthony's mental impairments did not satisfy or medically equal a disability under Listing 12.11.

The Court **OVERRULES** Plaintiff's objection and **ADOPTS** Magistrate Judge Altman's R&R. In all instances, Magistrate Judge Altman accurately laid out the facts, considered the whole record, and reached well supported conclusions.

Plaintiff's request for remand or summary judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS ORDERED**

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: September 12, 2022